[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 14, 1990, the plaintiffs, Patrick Murphy and Patrick's wife Patricia, brought a ten count action against his former employer, Cutter Development Corporation (Cutter), its president, Anthony Cutaia, and its office manager, Elizabeth Pirinea. The revised complaint alleges that the plaintiff terminated his employment in June of 1989, at which time Cutter Development, through its agents Cutaia and Pirinea, represented to him that health and medical insurance coverage, including maternity, would continue to be provided to the plaintiffs through Chubb Insurance Group (Chubb). The plaintiffs allege that in reliance on such representations, they paid monthly premiums of $466.29 from July of 1989 to April of 1990, and submitted various claims for medical services, but when Chubb advised the defendants to pay such claims, the defendants failed to do so. The plaintiffs further allege that Chubb canceled Cutter's policy in February of 1990 due to nonpayment of premiums, but that the plaintiffs were never notified of this and continued to pay monthly premiums.
Counts one through five are against Cutter for breach of contract, fraud, unjust enrichment, conversion, and violations of the Connecticut Unfair Trade Practices Act, General Statutes 42-110 et. seq. [CUTPA]. Counts six through eight are directed to Cutaia, and allege unjust enrichment, conversion, and CUTPA violations. Counts nine and ten are as to Pirinea, for fraud and CUTPA violations. The plaintiffs claim substantial out-of-pocket costs and seek monetary damages and punitive damages, as well as attorneys' fees, interest, and costs pursuant to CUTPA.
Pirinea filed a special defense and counterclaim. Her special defense asserts that any of her actions were done as an agent for Cutter and that she has no personal liability. Her counterclaim alleges vexatious litigation. Pirinea seeks monetary and punitive damages, costs, and attorneys' fees.
Pirinea moved for summary judgment (#113) as to counts nine and ten, on the grounds that she neither participated nor had CT Page 6672 control over the payment or nonpayment of insurance premiums and that the plaintiffs' complaint alleges no wrongdoing on her part. Pirinea filed an affidavit in support of her motion, and the plaintiffs filed the affidavit of Patrick Murphy in opposition thereto.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Id.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the non-moving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
Pirinea argues that she has no responsibility or liability for any of the plaintiff's claims in the action and that there are no allegations of wrongdoing on her part. The plaintiffs claim that the ninth count of the complaint does assert wrongdoing on Pirinea's part in that she is alleged to have made continued representations to them regarding their insurance coverage and that she never informed them of Cutter's financial difficulties or that the policy was canceled in February of 1990. Paragraph #14 of this count specifically refers to "fraudulent misrepresentations."
In her affidavit in support of her motion, Pirinea says that she had contact with Patrick in July of 1989 when he left the company. At such time Pirinea claims she told him that he was entitled to have his medical coverage extended. In Patrick Murphy's affidavit, however, he says that Pirinea "consistently represented" to the plaintiffs, from July of 1989 to April of 1990, that the Murphys had health and medical coverage through Cutter, and that she never informed them that the policy was canceled in February, 1990. CT Page 6673
Therefore, issues of fact exist regarding whether Pirinea continued to make representations regarding the coverage until April of 1990, whether she knew that Chubb canceled the policy in February, and whether she knew that the plaintiffs' premiums were never paid to Chubb. Since there are unresolved issues of material fact, Pirinea has failed to show that she is entitled to judgment as a matter of law. Accordingly, Pirinea's motion for summary judgment as to counts nine and ten is denied, as is her motion (#142) for "fees and costs" dated January 22, 1993.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of July, 1993.
WILLIAM BURKE LEWIS, JUDGE